UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **B.A.,** by and through his next friend, **JILL RANDALL,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| | ) No. 4:09CV1269 TIA |
| **STATE OF MISSOURI**, | )<br>) |
| **MISSOURI STATE BOARD OF EDUCATION**, | )<br>)<br>) |
| **MISSOURI DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION,** | )<br>)<br>)<br>) |
| **STATE SCHOOLS FOR THE SEVERELY HANDICAPPED,** | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants State of Missouri, Missouri State Board of Education, Missouri Department of Elementary and Secondary Education ("DESE"), and State Schools for the Severely Handicapped's (collectively "Defendants") State Defendants' Motion to Dismiss or alternatively, to make more definite and certain the Complaint of Plaintiff B.A., by and through his next friend, Jill Randall. (Docket No. 14). Plaintiff filed a Memorandum in Opposition (Docket No. 24) and Defendants filed a Reply Memorandum in Support (Docket No. 26) thereto. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). At this stage in the proceedings, the Court

will not analyze whether Plaintiff can prove the allegations plead, rather, under Rule 12(b)(6), the Court is required to ascertain whether Plaintiff has stated a cause of action with respect to each theory of recovery. For the reasons set forth below, the Motion to Dismiss is denied in part and granted in part.

On August 10, 2009, Plaintiff filed a four-count Complaint requesting a review of the administrative decision of the Hearing Panel empowered by DESE (Count I), and alleging violations of Section 504 of the Rehabilitation Act (Count II), Americans with Disabilities Act ("ADA") (Count III), and the Equal Protection Clause under 42 U.S.C. § 1983 (Count IV). Defendants have moved to dismiss for lack of subject matter jurisdiction. pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for failure to state a claim, pursuant to Rule 12(b)(6), or in the alternative, to make more definite and certain the complaint under Rules 8 and 10 of the Federal Rules of Civil Procedure.

**I.      Background**

In the Complaint, Plaintiff alleges the following facts[1]: Plaintiff is a severely handicapped individual who has been diagnosed with Spastic Quadriplegic Cerebral Palsy, secondary to Medium-Chain Acylco-Coenzyme A Dehydrogenasa Deficiency ("MCAD"). Plaintiff has attended the Mapaville State School for the Severely Handicapped[2] starting in August, 2004.

Mapaville School is one of several State Schools for the Severely Handicapped ("State

---

[1] The recitation of the facts is taken from Plaintiff's Complaint and is set forth for the purposes of the instant motion only.

[2] On August 28, 2008, the State Schools for the Severely Handicapped was renamed the Missouri Schools for the Severely Disabled. Mo.Rev.Stat. § 162.730; L.2008, H.B. No. 1807, Section A. Inasmuch as the parties refer to this Defendant as "State Schools for the Severely Handicapped," the Court will likewise refer to this Defendant in the same manner.

2

Schools"). The State Schools are operated by DESE, the state agency responsible for accreditation and management of public schools in Missouri, including Mapaville School. DESE is the administrative arm of the Missouri State Board of Education, Mo. Rev. Stat. § 161.020; 5 CSR 1-1.010. The Missouri State Board of Education ("State Board") is responsible for supervising instruction in all public schools in Missouri.

The Complaint further alleges that during the time Plaintiff was a student at Mapaville School, he was subjected to verbal and physical abuse and neglect. Plaintiff alleges that Mapaville School failed to implement necessary and critical components of his Individualized Education Program ("IEP"). Further, Plaintiff alleges that Defendants collectively violated their obligations to him through a persistent pattern of profound incompetence, willful neglect, and reckless indifference.

Plaintiff alleges that he has been denied a free appropriate public education in that the education he has received is trivial, de minimis, meaningless, and of no educational benefit.

Plaintiff alleges Mapaville School's inadequacies are systemic. Staff are apathetic, untrained and unaccountable for their failures to effectuate IEP goals. Mapaville School's chronic inadequate supervision, staff apathy, lack of training, underskilled service providers, undertrained teachers and aides, a sadistic school nurse, and untended classrooms have resulted in a trivial and meaningless education for Plaintiff with resultant emotional and, at times, physical abuse of him. Plaintiff contends that these inadequacies, in addition to Defendants' failure to develop and implement his IEP, have denied Plaintiff a free and appropriate public education.

Plaintiff seeks review of the administrative decision of the Hearing Panel empowered by DESE rendered pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et*

*seq*, which found that Plaintiff failed to meet his burden of proof that he was denied a free appropriate public education ("FAPE"), or that Mapaville School failed to develop or implement his IEP.

Plaintiff seeks the following relief: Reversal of the Due Process Order; a declaration that Plaintiff was denied a FAPE during the statutory time period; a declaration that Plaintiff's placement at the State Schools for the Severely Handicapped violated the equal protection clause; order DESE to install audio/video monitoring of all classrooms and hallways at the State Schools for the Severely Handicapped, including Mapaville School; an injunction against DESE from operating State Schools for the Severely Handicapped and an Order placing Plaintiff back in his school district; an Order directing DESE to pay for compensatory educational services; reimbursement of reasonable attorney's fees and costs incurred; and actual damages.

Defendants argue generally that Plaintiff's Complaint fails to state a claim upon which relief can be granted because it fails to "delineate the wrongs alleged to have been committed by each alleged State Defendant." Defts.' Memo. in Support (Docket No. 23), p. 4. The Court rejects this argument as generally as it is asserted, along with the alternative request for an order directing an amended complaint with a more definite statement of Plaintiff's claims. The Complaint as pled is sufficiently specific as to the alleged deficiencies of Plaintiff's education and treatment at the Mapaville School, the responsibility of each named defendant, and Plaintiff's theories for relief.

When ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court must follow the standard of review delineated by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (May 21, 2007). The Court

opined that a viable complaint must now include "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level...." Twombly, 127 S. Ct. at 1965. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 1965, 1974. As was the case under Conley, the complaint must be liberally construed in the light most favorable to the plaintiff and should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. See Id. at 1964-65. Moreover, when considering a motion to dismiss for failure to state a claim, a court must accept the facts alleged in the complaint as true, even if doubtful. Id. at 1965. To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. Accordingly, a well-pled complaint may proceed even if it appears "that recovery is very remote and unlikely." Id. at 1965 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

The Federal Rules do not require great precision in pleadings. Gregory v. Dillard's, 2007 WL 2067853, *15 (8th Cir. July 20, 2007). "The 'simplified notice pleading standard' under Fed. R. Civ. P. 8(a) requires only a statement that 'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Id. (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) (abrogated on other grounds)); see also Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) ("The statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." (internal citation and alteration omitted)). "Specific facts are not necessary..." Erickson, 127 S.Ct. at 2200. However, the factual allegations in the complaint

5

must be more than "labels and conclusions" or a "formalistic recitation of the elements of a cause of action." Twombly, 127 S.Ct. at1965; see also Gregory, 2007 WL 2067853 at *15. "A district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." Id. at 1967 (internal citations and quotations omitted). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Id. at 1965 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claim." Scheurer v. Rhodes, 416 U.S. 232, 236 (1974). To avoid dismissal under Rule 12(b)(6), the "complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claims." DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002).

Rule 12(b)(1) requires dismissal if the Court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

## Discussion

### A. Standing

As determined by the Honorable Henry Autrey in another case involving Mapaville School and the denial of the installation of audio/visual monitoring, Plaintiff does not lack standing inasmuch as he is not seeking relief for others nor is he asserting claims based on the treatment of others. C. v. Missouri State Board of Education, et al., Cause No. 4:08cv1853HEA, Opinion, Memorandum and Order dated September 8, 2009. Although Plaintiff's allegations in the Complaint address the sweeping problems at Mapaville School, he alleges these facts not to seek relief for others but as support for his claims. A review of the Complaint shows that his claims

6

relate solely to his due process hearing and his alleged denial of FAPE. Indeed, in his response, Plaintiff acknowledges that he does not intend to assert claims on behalf of other students. Accordingly, Plaintiff does not lack standing on the basis that he seeks relief for injuries to others.

Next, Defendants contend that Plaintiff lacks standing to seek declaratory and injunctive relief based on the alleged wrongs committed against him during the 2007-2008 school year because he has not shown the threat of ongoing or future harm. In particular, Plaintiff requests a range of injunctive and declaratory relief including the installation of audio/video surveillance of all classrooms and hallways at the State Schools for the Severely Handicapped.

To establish standing, Plaintiff must show that he has suffered an injury in fact, that Defendants caused the injury, and that a favorable ruling can redress his injury. Park v. Forest Servs., 205 F.3d 1034, 1037 (8th Cir. 2000). "In the case of complaints for injunctive relief, the 'injury in fact' element of standing requires a showing that the plaintiff faces a threat of ongoing or future harm." Id. Past wrongs are evidence of "whether there is a real and immediate threat of repeated injury." City of Los Angeles v. Lyons, 461 U.S. 95 (1983). Nonetheless, to establish standing, the plaintiff must show a "real and immediate threat that [he] would again suffer similar injury in the future." Park, 205 F.3d at 1037 (finding plaintiff lacked standing to seek injunctive relief based on her past exposure to unconstitutional checkpoints).

Plaintiff alleges past patterns of practice that have denied him access to a free appropriate public education and ongoing discrimination in education on the basis of his disability. Inasmuch as the record is devoid of any evidence regarding the future intent of Defendants or the probability that Defendants will continue to deny Plaintiff a free appropriate public education or to

7

discriminate against him, the Court must assume the facts as alleged. Accordingly, the Court will deny the Motion to Dismiss for lack of subject matter jurisdiction without prejudice finding it would be premature to determine whether Plaintiff lacks standing to pursue injunctive relief without the completion of discovery.

### B. Multiple State Defendants

Defendants argue that Plaintiff cannot split his claims for relief among the various State Defendants inasmuch as the only State Defendant is the State of Missouri through the Missouri Board of Education, DESE, and SSSH. State Defendants contend that they are a single entity, namely the State of Missouri.

State Defendants argue that nothing in the Missouri statutes provides that the State Board of Education is an entity subject to suit. The undersigned finds that Missouri courts allow lawsuits against the State Board. See, e.g., Board of Educ. of City of St. Louis v. Missouri State Bd. of Educ., 271 S.W. 3d 1 (Mo. 2008). Because state law permits lawsuits against the State Board, the suit against the State Board will not be dismissed. Likewise, in two decisions of the Missouri Supreme Court, the State Board and DESE were sued in the same action. Board of Educ. of City of St. Louis v. Missouri State Bd. of Educ., Comm's of Educ., and Missouri Dep't of Elementary & Secondary Educ., 271 S.W.3d 1 (Mo. 2008); McEuen v. Missouri State Bd. of Educ. and Missouri Dep't of Elementary & Secondary Educ., 120 S.W.3d 207 (Mo. 2003). Inasmuch as Missouri state law permits lawsuits against both DESE and the State Board, DESE will not be dismissed.

Missouri courts have permitted the State Board, DESE, and SSSH to be named as defendants. See, e.g., Strawn v. Missouri State Bd. of Educ., 210 F.3d 954 (8th Cir. 2000) (the

8

State Board, DESE, and SSSH were all named as defendants). Accordingly, State Defendants' request to dismiss the claims against the State Board, DESE, and SSSH will be denied.

**C. Individuals with Disabilities Education Act Claim (Count I)**

Count I of Plaintiff's Complaint is an appeal of the Due Process decision of the three-member panel empowered by the Missouri State Board of Education to review Plaintiff's administrative complaint under the IDEA, 20 U.S.C. § 1400 *et seq*. Such judicial review is authorized by 20 U.S.C. § 1415(i)(2)(A), and Defendants concede the availability of the judicial review and do not seek dismissal of Count I as an appeal of the state administrative Due Process decision. To the extent that Defendants misconstrue Count I as seeking relief unavailable on judicial review under the applicable statute, the argument is rejected.

Plaintiff concedes that Defendants' argument regarding the unavailability of monetary and punitive damages under the IDEA is correct. Hoekstra v. Independent Sch. Dist. No. 283, 103 F.3d 624, 625-26 (8th Cir. 1996). Accordingly, the Court will prohibit the recovery of any monetary or punitive damages under Count I.

Defendants also seek dismissal of the IDEA claim arguing that the installation of audiovisual surveillance is not available under the IDEA. Plaintiff responds that he is seeking compensatory, educational services. A court may award compensatory education services under the IDEA. Birmingham v. Omaha Sch. Dist., 220 F.3d 850, 856 (8th Cir. 2000). Congress enacted the IDEA "to assure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A). The IDEA permits a court to "grant such relief as the court

9

deems appropriate." 20 U.S.C. § 1414(i)(2)(C)(iii). "The ordinary meaning of these words confers broad discretion on the court." School Comm. of Town of Burlington v. Dep't of Educ., 471 U.S. 359, 369 (1996). The IDEA does not specify the type of relief available except that it must be "appropriate" in light of the purposes of the IDEA. Id. The IDEA's purpose is to provide disabled children with "a free appropriate public education which emphasizes special education and related services designed to meet their unique needs." Id. Accordingly, ordering audiovisual monitoring would not be beyond the scope of the IDEA if such monitoring assists in providing Plaintiff with special education and related services. Based on the record and the fact that no discovery has taken place, the Court cannot conclude as a matter of law that the requested audiovisual surveillance would not provide Plaintiff with a service calculated to assist him in receiving a free and appropriate special education.

### D. § 504 Rehabilitation Act Claim (Count II)
### E. Americans with Disabilities Act Claim (Count III)

Count II is pled pursuant to § 504 of the Rehabilitation Act, 29 U.S.C. § 794. Count III sets forth a claim pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"). Defendants argue that Plaintiff's blanket allegations of a systematic failure to provide Plaintiff with a FAPE and failure to implement Plaintiff's IEP, fail to state a claim.

Both the Rehabilitation Act and the ADA prohibit discrimination in the provision of public services based on a disability. See 29 U.S.C. § 794(a) ("No otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...."); 42 U.S.C. § 12132 ("[N]o qualified individual with a disability

shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.").

For both claims, a plaintiff must sufficiently allege three elements to establish a prima facie case. First, that the plaintiff "is a qualified individual with a disability"; second, that the plaintiff "was denied the benefits of a program or activity"; and third, that the plaintiff "was discriminated against based on her disability." M.P. v Independent Sch. Dist., 439 F.3d 865, 867 (8th Cir. 2006) (quotation omitted). Accordingly, Plaintiff's Complaint is sufficient to withstand dismissal if it contains allegations that Plaintiff has a qualifying disability under the statutes, that he is otherwise qualified for the benefit that has been denied, and that he has been denied the benefit by reason of his disability.

Plaintiff alleges in his Complaint that he is a qualified individual under both the Rehabilitation Act and the ADA, that he has been denied reasonable accommodations, and therefore has been denied the full benefits of a public education, and that it was because of his disability that he was denied such an education. Reading the Complaint liberally and in the light most favorable to Plaintiff, Counts II and III state claims for disability discrimination under the Rehabilitation Act[3] and the ADA.

### F. § 1983 Equal Protection Claim (Count IV)

Defendants argue that no Defendant is a person against whom a § 1983 claim may be

---

[3]To make a successful Rehabilitation Act violation claim, a plaintiff must allege bad faith or gross misjudgment. M.P. v Independent Sch. Dist., 439 F.3d 865, 867 (8th Cir. 2006). A review of the Complaint shows that Plaintiff alleges that Defendants' gross misjudgment, bad faith, incompetence, inadequate supervision, and neglect have caused the failure of Plaintiff's educational program.

brought. In order to prevail on a 42 U.S.C. § 1983 claim, a plaintiff must show that a person acting under the color of state law caused the deprivation of a federal right. Scheeler v. City of St. Cloud, 402 F.3d 826, 830 (8th Cir. 2005). It is well established that a State is not a "person" liable for suit within the meaning of 42 U.S.C. § 1983. "[T]he State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990).

Defendants contend that a state agency is not considered a person under 42 U.S.C. § 1983, and consequently, none of the Defendants can be sued pursuant to 42 U.S.C. § 1983. The Court finds Defendant's contention to have merit. Inasmuch as the State of Missouri, the Missouri State Board of Education, DESE, and the SSSH are all state agencies and are not persons for purposes of 42 U.S.C. § 1983, they are not suable under § 1983. Accordingly, Plaintiff's § 1983 claim in Count IV will be dismissed as against Defendants.

### G. Allegations not Cited in Plaintiff's Due Process Complaint

Defendants have apprised the Court of the parties's agreement that the issues before another Due Process Hearing Panel should not be addressed by this Court until the panel rules upon such issues. Defendants shall apprise the Court if such issues arise during the course of this instant action.

### H. Eleventh Amendment Immunity

Defendants seek to invoke Eleventh Amendment immunity as a bar to any claims for monetary damages or prospective relief under the ADA or the Rehabilitation Act. Title II of the ADA creates a private cause of action against state actors for conduct that actually violates the Fourteenth Amendment, and thereby overcomes Eleventh Amendment immunity. 42 U.S.C. §

12202; United States v. Georgia, 546 U.S. 151, 159 (2006). This is a case-by-case determination, and the Court cannot at this juncture find that Defendants are entitled to Eleventh Amendment immunity. Defendants' Eleventh Amendment argument for dismissal fo Plaintiff's ADA claim is therefore denied without prejudice.

For all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants State of Missouri, Missouri State Board of Education, Missouri Department of Elementary and Secondary Education ("DESE"), and State Schools for the Severely Handicapped's (collectively "Defendants") State Defendants' Motion to Dismiss (Docket No. 14) is **Granted** with regard to Count IV of Plaintiff's Complaint as against State Defendants, and is **Denied** in all other respects.

**IT IS FURTHER ORDERED** that in accordance with the parties' agreement, the issues before another Due Process Hearing Panel shall not be addressed by this Court until the Panel rules upon such issues. Defendants will apprise the Court if such issues arise during the course of the instant action.

A separate Judgment ordering partial dismissal of Plaintiff's Complaint in accordance with this Memorandum and Order is entered this same date.

Dated this   24th    day of March, 2010.

                                            /s/Terry I. Adelman  
                                       UNITED STATES MAGISTRATE  JUDGE